**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.:  1:16-CR-00323** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | |
| **ANTWOINE GARRETT,** | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| **Defendant.** | ) | |

**CASE HISTORY**

The Defendant pled guilty to Attempted Possession with Intent to Distribute Methamphetamine in violation of **21 U.S.C. 846, 841 (a)(1), and 841(b)(1)(A).**

**OFFENSE CONDUCT**

The Defendant was arrested on September 16, 2016, when the U, S, Postal Inspection Service and the South Euclid Police Department conducted a controlled delivery of a package, which was 447.2 grams of methamphetamine. As a result of the arrest, the officer seized 3 cell phones. The cell phone contains information that the Defendant believed that the delivery was in fact marijuana and not methamphetamine which was originally intercepted by the U.S. Postal Service and later delivered to 1524 Sherbrook Road, South Euclid, Ohio. The defendant seeks to introduce evidence that the Defendant believed that the contraband was marijuana, and not methamphetamine as was found by law enforcement officers.  According to the Defendant's written plea agreement, the parties agreed to the following:

**Base Level Offense of 32 pursuant to USSG 2D1.1, USSG 2D1.1(a)(5) and (c) (5)**

**Subtotal:**                                        **= 32**

**Acceptance of Responsibility:**            **= -3 pts.**

**Subtotal:**                                        **= 29**

**Criminal History Score:**                          **6 pts.**

**Criminal History Category**                  **III**

However, the Defendant believes that he should not be placed in the Career Offender Classification, and fall to Criminal History Category 3.

The Defendant further requests an additional downward departure of 3 levels for his mistaken belief that the controlled substance was marijuana, and not methamphetamine. His anticipated offense level would be in the range of 24.

**Guideline:**                                 **= 63-78 months**
**Sentencing Range**

**PERSONAL AND FAMILY DATA**:

Antwoine Garrett was born on March 15, 1978 in Cleveland, Ohio. He has 3 siblings, and has two other siblings due to the fact that his father had two other children after he split with his mother. He reported that he had a good childhood, although he had some connections with the Crips at a very tender age of 13 years old, but he subsequently withdrew at the age of 15 or 16 years of age. He reported history with the Juvenile Court was in fact minimal and only has minor felony and misdemeanor adjudications on his juvenile record. The Defendant has fathered 6 children, 5 of which, he has been very much involved in their lives with the exception of one daughter that he had not known about until 2007.

In 2011, the Defendant suffered a grievous injury where he almost died when he was stabbed in the chest. As a result of that unprovoked attack, he lost half a lung. Further since he has been incarcerated for the related conviction herein, he has been diagnosed with Thrombocytopenia

which has numerous side effects, which he has to now deal with for the rest of his life. Having this blood related disorder, an injury in which he bleeds could be fatal.

At the time of this offense, he was employed with LBR Homes as a carpenter. He had been employed with LBR for 7 years. Throughout his adult life, he has maintained employment.

After the Defendant near fatal attack, he has been heavily addicted to prescription pain medication. He reported substance abuse at the age of 20 years old, and 30 years old.

**CAREER OFFENDER STATUS:**

In order for the Defendant to be eligible to a Chapter Four (4) enhancement, (1) the Defendant must be least 18 years at the time of the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or controlled substance offense; or (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

If the Defendant meets these requirements, then the Defendant is classified as a career offender. The offense level for a career offender is a level 37 because the statutory maximum term of imprisonment is life. See **USSG §3E1.1(a).**

**§4B1.2** of the Federal Sentencing Guideline defines a controlled substance offense in the following quote:

> Section 4B 1.2 of the Guidelines defines a controlled substance offense as an offense under federal or state law, punishable by imprisonment for a term exceeding-one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

The Defendant objects to the Career Offender classification as noted in the objections filed with the Court. We are specifically challenging the Defendant's State conviction for Drug Trafficking in Case No. CR-98-388719 referenced in Paragraph 24 of the PSI Report.

As the PSI writer outlines in the PSI report that the Defendant "knowing sold or offered to sell a controlled substance to-wit: Crack Cocaine", as predicate offense conviction for the Career Offender Provision.

Under favor of the analysis in *Mathis v. United States,* **136 S. Ct. 2243 (2016),** the Defendant's conviction for drug trafficking in 1998 does not qualify as a "controlled substance offense" since it contains the inclusive language of "sale or offer" to sale in the plea agreement, and therefore is not a controlled substance offense within the meaning of the Federal Sentencing Guidelines. As a consequence, the Career Offender enhancement does not apply, since the Defendant has only one other Drug conviction which qualifies for the enhancement. See also, *United States of America v. Hinkle,* **Case No 15-10067 Fifth Circuit, Court of Appeals (2016).**

Given the fact that the Defendant's State conviction is based on the application of two separate types of drug crimes, the directive given by the Court is that a drug conviction is not a controlled substance offense if the criminal charge(s) does not fall within the Guideline definition of a "controlled substances offense." Specifically, in *Hinkle,* the Court held that an offer to sell conviction does not come within definition of a "controlled substance" under **USSG 4B1.1.** This is so, since "offer to sale" element does not meet the definition of the controlled substance under the Federal Sentencing Guidelines.

In *Descamps v. United States,* **133 S. Ct. 2276 (2013),** the Supreme Court held that the Government needs to prove that alternative elements of an offense must be in the disjunctive in

4

order to qualify under the controlled substance as defined in USSG**§4B1.1**. Moreover, our case mirrors the ***Hinkle*** case because an "offer to sell" drug conviction does not fit the definition of a controlled substance.

The Supreme Court decision in ***Mathis*** utilized a modified categorical approach in which delineates between alternative elements of an offense, and alternative means of satisfying a single element. Here, the Defendant's State conviction has two separate types of drug violations that would qualify for the violation of **§2925.03.**  However, the Defendant's conduct "offer to sale" is not contemplated under **USSG§4B1.1.** Therefore, the Defendant's drug conviction contemplates both an offer to sale, or sale with no delineation. With this being so, the conviction does not meet the threshold test.

## II

Under **18 U.S.C. 3553,** the trial court has the authority to impose sentences outside the Sentencing Guideline Range. The Court shall impose a sentence of a kind, and within a range, unless the Court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the sentencing commission in formulating the Sentencing Guidelines that should result in a sentence different from that described.

The Defendant seeks a variance of an additional three (3) levels for his mistaken belief that he was being paid $250.00 to receive a package of marijuana. In support of our legal position, the Defendant contends that the District Court has the authority to conclude that the unique circumstances of this offense supports a lesser sentence. The Defendant upon his arrest made an oral statement concerning the circumstances of the receipt of the package through the mail. He thought the package only contained marijuana.

This Court has the legal authority to grant a downward departure or variance based on circumstances present to a degree not adequately taken into consideration in determining the application of the Federal Sentencing Guidelines.

In the Plea Agreement, the Defendant and the Government agreed that the Defendant was free to argue that the Defendant's mistaken belief that the drugs delivered to the address was marijuana. Although the Government does not agree with our position, the Defendant may still argue in support of a downward departure from the advisory federal sentencing guideline range.

The Defendant position that he was mistaken as the what type of drugs he was receiving is reflected by the phone text messages which referenced terms of art associated with marijuana. Further, the amount of money discussed would be uncharacteristically low for a methamphetamine transaction.

With this being so, it is hoped that this Court will depart an additional (3) levels.

Respectfully submitted,

s/ Myron P. Watson
**MYRON P. WATSON, ESQ. (0058583)**
1144 Rockefeller Bldg.
614 W. Superior Avenue
Cleveland, OH  44113
(216) 274-1100
(216) 575-7664 (Fax)
myronwatson@ymail.com
*Attorney for Antwoine Garrett*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2018, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Myron P. Watson, Esq.<br>
**MYRON P. WATSON, ESQ. (0058583)**<br>
*Attorney for Antwoine Garrett*